**Amparo T. Quirino, Plaintiff-Appellant, v. Shea-Matson Trucking Co., a Corporation, Defendant-Appellee.**

**Gen. No. 49,372.**

First District, Fourth Division.

June 3, 1964.

Sidney S. Altman, of Chicago, for appellant.

J. V. Evans, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment by the trial court finding the issues in favor of the defendant.

Plaintiff was the consignee of goods shipped from the Philippines for exhibition at the Chicago Inter-

national World Trade Fair in July of 1959 which was held under the sponsorship and supervision of the Chicago Association of Commerce. The defendant was employed by the Philippine Consul in Chicago for the benefit of Philippine Exhibitors "to receive all the freight that came into Navy Pier and deliver it to the exhibitors' booths." If after clearing customs enough space was not available in or behind the booths, the crated merchandise was to be sent to a storage space at a lower level. According to the uncontradicted testimony of defendant's sales manager, "the lower level was under the control of the Burns guard and the Association of Commerce." He also testified that "the customs people controlled the area under lock and key."

On July 2 nine crates were moved from the Philippine booth and on the next day were placed in the storage space. Plaintiff testified that "the merchandise was in there." On July 12 plaintiff requested defendant in writing to remove one of these crates from the storage space to the booth.

The crate was never delivered to plaintiff and this suit followed. The statement of claim alleged that there was an agreement "for the withdrawal and delivery of certain goods, wares and merchandise from *the in-bond warehouse* to the location of the plaintiff's booth . . ." and charged that defendant withdrew certain items of merchandise. (Emphasis supplied.)

There is no evidence that the defendant withdrew the crate in issue from the in-bond warehouse and neither from the statement of claim nor from the evidence can we find any basis for assuming that the defendant had custody, possession or control over the missing crate. It acted on orders only to transport plaintiff's goods from one location to another. The fact that it had permission from the authorities to enter the storage space on exhibitor's orders to move

merchandise did not create a bailment or clothe it with any possessory rights or obligations as to the missing crate.

Plaintiff cites Lederer v. Railway Terminal & Warehouse Co., 346 Ill 140, 147, 178 NE 394:

> While the control of the whisky was dominantly in the government, yet by the laws of the United States and the regulations of the Treasury Department the custody was shared with the proprietor.

We agree heartily with this finding but not with plaintiff's conclusion therefrom that the defendant in this case took on the additional character of a warehouseman because it had deposited the goods in the in-bond warehouse on plaintiff's request.

The cases and authorities cited by plaintiff state general rules of law as to the liability of carriers or warehousemen and are predicated upon factual situations where goods were actually delivered to the person charged. Lederer v. Railway Terminal & Warehouse Co., supra; Michigan Cent. R. Co. v. Chicago Elec. Vehicle, 124 Ill App 158; 6 ILP, Carriers, § 157.

We find no error in the judgment of the trial court.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.